UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------
BRIGETTE RENAUD,

                Plaintiff,        11 Civ. 524 (JGK)

     - against -           MEMORANDUM OPINION AND
                                                  ORDER
THE YOUNG MEN'S CHRISTIAN ASSOCIATION
RETIREMENT FUND,

                Defendant.
------------------------------------------------

JOHN G. KOELTL, District Judge:

     The plaintiff, a lawyer and former general counsel of the defendant, the Young Men's Christian Association Retirement Fund ("YRF"), brings this action alleging retaliatory and discriminatory termination of her employment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., among other claims. The defendant brings three counterclaims accusing the plaintiff of (1) breach of ethical obligations by disclosing the YRF's confidences and secrets in violation of Rule 1.6 of the New York Rules of Professional Conduct ("Rules"); (2) breach of ethical obligations by bringing claims related to her former representation of YRF and materially adverse to it, without its consent, in violation of Rule 1.9; and (3) breach of fiduciary duty. The plaintiff moves to dismiss the counterclaims for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

1

The first two counterclaims allege that the plaintiff violated provisions of the Rules and corresponding provisions in the New York Code of Professional Responsibility ("Code"), which was superseded by the Rules.  However, it is plain, and the defendant does not dispute, that there is no private right of action for a violation of the Rules or the Code.  See Karas v. Katten Muchin Rosenman LLP, No. 07-1545-cv, 2009 WL 38898, at *2 (2d Cir. Jan. 8, 2009) (summary order) ("[A]s a general rule, there is no private right of action for a violation of a New York Disciplinary Rule."); Avile v. Feitell, No. 07 Civ. 2987, 2008 WL 2139153, at *3 (S.D.N.Y. May 20, 2008) ("There is no private cause of action for violations of the New York Code of Professional Responsibility."); Arkin Kaplan LLP v. Jones, 840 N.Y.S.2d 48, 51 (App. Div. 2007) ("[W]e also note that even if a violation of the Code of Professional Responsibility had occurred, that, in itself, would not create a private right of action.") (citing Kantor v. Bernstein, 640 N.Y.S.2d 40, 42 (App. Div. 1996)).  Accordingly, the first two counterclaims are **dismissed with prejudice**.

The third counterclaim alleges that the plaintiff breached her fiduciary duty to YRF, but this claim is also based on alleged violations of the Rules.  To establish a breach of fiduciary duty, the defendant must prove "the existence of a fiduciary relationship, misconduct by the [plaintiff], and

damages directly caused by the [plaintiff's] misconduct." Margrabe v. Sexter & Warmflash, P.C., 353 F. App'x 547, 549 (2d Cir. 2009) (summary order) (citing Berman v. Sugo LLC, 580 F. Supp. 2d 191, 204 (S.D.N.Y. 2008)).  Here, the defendant's breach of fiduciary duty claim is premised entirely on alleged violations of ethical duties under Rules 1.6 and 1.9.  However, alleged violations of the Rules do not in and of themselves give rise to a breach of fiduciary duty claim.  See, e.g., Margrabe, 353 F. App'x. at 549 ("New York courts have held that an attorney's breach of a disciplinary rule does not per se give rise to a cause of action for breach of fiduciary duty."); Sullivan & Cromwell LLP v. Charney, 841 N.Y.S.2d 222, 2007 WL 1240437, at *5 (Sup. Ct. Apr. 30, 2007) (table).  Therefore, the third counterclaim must also be dismissed.  However, this claim is **dismissed without prejudice** to the defendant's ability to plead a claim for breach of fiduciary duty based not on alleged violations of the Rules but on the proper elements for a claim of breach of fiduciary duty.

## CONCLUSION

The Court has considered all of the arguments of the parties. To the extent not specifically addressed above, the remaining arguments are either moot or without merit.  For the

foregoing reasons, the plaintiff's motion to dismiss the defendant's counterclaims is **granted**. The Clerk is directed to close Docket No. 19.

SO ORDERED.

Dated:   New York, New York
         February 3, 2012

_____
John G. Koeltl
United States District Judge

4